FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

98 NOV 19 AM 10: 20

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

CAM-JO, INC., a Florida
corporation,

Case No. 98-2316-CIV-T-25C

    Plaintiff,

v.

ST. PETE TAXI, INC., a Florida
corporation; and TERRY E. KURMAY,
an individual,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff, CAM-JO, INC., a Florida corporation, by and through the undersigned attorneys, sues defendants, ST. PETE TAXI, INC. and TERRY E. KURMAY, and states:

1. Plaintiff is a Florida corporation, having its principal place of business in Clearwater, Florida.

2. Defendant, ST. PETE TAXI, INC. ("St. Pete Taxi"), is a Florida corporation having its principal place of business in St. Petersburg, Florida.

3. Defendant, TERRY E. KURMAY ("Kurmay"), is an individual residing in Pinellas County, Florida. He is an officer and director of the defendant corporation.

4. This action arises under the Lanham Act (15 U.S.C. §1125, et. seq.), the common law of the state of Florida, and §495.151 and §501.204, Florida Statutes, and jurisdiction is based upon 15 U.S.C. §1121 and 28 U.S.C. §1338. Venue is proper

$150.00

63216

1

1

under 28 U.S.C. §1391(b), because the wrongful acts occurred in the Middle District of Florida.

5. Plaintiff has retained the undersigned law firm and has agreed to pay all reasonable costs and attorneys' fees arising hereunder, including any appellate proceedings.

## OPERATIVE FACTS

6. Plaintiff has engaged in the business of providing taxi transportation service to citizens and visitors of the Tampa Bay metropolitan area of Florida since 1979. Its business has grown from 7 cabs in 1979 to 500 today.

7. Plaintiff operates its taxi services under the marks "CLEARWATER YELLOW CAB," "PINELLAS COUNTY YELLOW CAB," "BAY AREA YELLOW CAB," "PASCO YELLOW CAB," and "ST. PETE YELLOW CAB." Plaintiff acquired the St. Pete business in December of 1997. That mark had been used by the business plaintiff acquired since the 1930's. All of plaintiff's marks, through widespread and favorable public acceptance and recognition, are famous and are an asset of substantial value as a symbol of plaintiff, its quality service, and its goodwill.

8. The United States Patent and Trademark Office granted the following federal service mark registrations to CAM-JO:

| Service Mark | Reg. No. | Registration Date |
| --- | --- | --- |
| CLEARWATER YELLOW CAB | 1,680,872 | March 24, 1992 |
| CLEARWATER YELLOW CAB W/BULLS-EYE LOGO | 1,674,700 | February 4, 1992 |
| PINELLAS COUNTY YELLOW CAB | 1,683,510 | April 14, 1992 |
| PINELLAS COUNTY YELLOW CAB W/BULLS-EYE LOGO | 1,674,699 | February 4, 1992 |

| | | |
|---|---|---|
| BAY AREA YELLOW CAB W/BULLS-EYE LOGO | 1,848,426 | August 2, 1994 |
| BULLS-EYE LOGO IN YELLOW FIELD | 1,926,784 | October 10, 1995 |
| PASCO YELLOW CAB W/BULLS-EYE LOGO | 1,863,976 | November 22, 1994 |

The registrations are in full force and effect and are owned by plaintiff. Plaintiff also uses the mark ST. PETE YELLOW CAB, but has not yet filed for federal service mark protection. Plaintiff uses its service marks on its taxi-cabs and in advertising in association with its taxi service, and these marks are all well known.

9. In approximately 1990, St. Pete Taxi started to operate a taxi cab service in Pinellas County, Florida, using brown cabs for its transportation services. Approximately 1.5 years ago, the company started to change the color of its cabs until, as of today, they are all the same canary yellow used by plaintiff with its various YELLOW CAB services. Under the ownership of defendant, Terry Kurmay, the defendant cab business now calls itself "Yellow Cab."

10. In the course of plaintiff's business, it has installed yellow telephones at various public facilities for the purposes of facilitating the summonsing of taxi cabs. An accurate and authentic photo of one of plaintiff's phones is attached as Exhibit "A." Plaintiff pays for the telephone, its installation, as well as its usage at these various locations such as Publix.

11. Plaintiff also distributes yellow note pads bearing its telephone numbers and also affixes yellow phone call identifiers

3

at various public phones. Samples of these materials are attached as Exhibit "B."

12. Plaintiff has a relationship with Anheuser Busch for the supplying of taxi rides to bar patrons and was awarded this contract due to its famous mark and goodwill in the Tampa Bay Area.

13. St. Pete Taxi has hired two of plaintiff's ex-employees. One such employee is acting as a dispatcher for the defendant company. St. Pete Taxi employees have gone to bars and other business establishments and have told the owners that St. Pete Taxi's Yellow Cab merged with the plaintiff company. Such employees in other instances have dismantled plaintiff's yellow telephones or have told the establishment owners that the phones belong to the defendants when they belong to the plaintiff.

14. St. Pete Taxi has also distributed promotional materials that are confusingly similar to plaintiff's materials. Such materials prominently feature the yellow color essential to plaintiff's mark and trade dress. Samples are attached as Exhibit "C."

15. Defendants adopted and used the mark Yellow Cab after plaintiff and in connection with taxi transportation services. Defendants used such mark in Florida through advertising and otherwise in interstate commerce for taxi transportation services. Such use and advertising by defendants causes a likelihood of confusion, deception, and mistake.

16. Defendants have been requested to cease and desist from this blatant and wrongful use of plaintiff's mark, but have

ignored and refused such request. The defendants' ongoing conduct will cause further irreparable harm to plaintiff if defendants are not restrained by this court from further violation of plaintiff's rights. Plaintiff has no adequate remedy at law.

17. Such wrongful use of plaintiff's service mark has been done knowingly by the defendants, and Kurmay personally participated in, or had others at his direction, perpetrate the acts complained of herein.

## COUNT I
## FEDERAL UNFAIR COMPETITION

18. Plaintiff realleges and incorporates paragraphs 1-17 herein.

19. Defendants are in direct competition with the plaintiff.

20. Defendants have engaged in unfair competition by utilizing a confusingly similar service mark, confusingly similar trade dress, and confusingly similar promotional materials, all without plaintiff's consent.

21. Plaintiff's marks are distinctive and have acquired secondary meaning. Defendants' use in interstate commerce of the designation "Yellow Cab" upon large yellow sedans resembling plaintiff's taxis and its express representation that it has "merged with" plaintiff, is a use of false designation of origin, or a false representation, wrongfully and falsely designates defendants' service as originating from or connected with plaintiff.

22. Plaintiff has no ability to control the quality of the defendants' services and plaintiff's goodwill, therefore, is irrevocably imperiled.

23. Defendants' unauthorized use of the plaintiff's service marks is calculated to deceive and does actually deceive the general public into accepting and viewing defendants' services in the mistaken belief that they are associated with plaintiff.

24. Defendants' acts violate 15 U.S.C. §1125(a)(1)(A).

25. Plaintiff has been damaged as a result.

WHEREFORE, plaintiff seeks the entry of a judgment:

(a) Temporarily and permanently enjoining the defendants, their agents and servants from using plaintiff's service marks, or any confusingly similar mark, or dress, including the color yellow, and from engaging in other forms of unfair competition when advertising defendants' taxi transportation service;

(b) Impounding all products, promotional material and other data which has been used in violation of plaintiff's exclusive rights;

(c) Awarding damages as a result of the unfair competition and requiring defendants to account for all gains, profits and advantages derived by defendants from their unfair competition;

(d) Requiring defendants to destroy all copies of defendants' promotional materials, product, brochures and other data in their possession or control used in defendants' unfair competition;

22. Plaintiff has no ability to control the quality of the defendants' services and plaintiff's goodwill, therefore, is irrevocably imperiled.

23. Defendants' unauthorized use of the plaintiff's service marks is calculated to deceive and does actually deceive the general public into accepting and viewing defendants' services in the mistaken belief that they are associated with plaintiff.

24. Defendants' acts violate 15 U.S.C. §1125(a)(1)(A).

25. Plaintiff has been damaged as a result.

WHEREFORE, plaintiff seeks the entry of a judgment:

(a) Temporarily and permanently enjoining the defendants, their agents and servants from using plaintiff's service marks, or any confusingly similar mark, or dress, including the color yellow, and from engaging in other forms of unfair competition when advertising defendants' taxi transportation service;

(b) Impounding all products, promotional material and other data which has been used in violation of plaintiff's exclusive rights;

(c) Awarding damages as a result of the unfair competition and requiring defendants to account for all gains, profits and advantages derived by defendants from their unfair competition;

(d) Requiring defendants to destroy all copies of defendants' promotional materials, product, brochures and other data in their possession or control used in defendants' unfair competition;



(e) Enjoining defendants from advertising, selling, distributing, displaying or using any materials which unfairly compete with the plaintiff; and

(f) Awarding costs, interest, attorneys' fees and such other relief deemed reasonable by the court.

### COUNT II
### COMMON LAW UNFAIR COMPETITION

26. Plaintiff realleges and incorporates paragraphs 1-17 herein.

27. Defendants' conduct constitutes unfair competition under Florida law.

WHEREFORE, Plaintiff seeks the entry of a judgment:

(a) Temporarily and permanently enjoining the defendants, their agents and servants from engaging in unfair competition;

(b) Awarding damages as a result of defendants' unfair competition and requiring defendants to account for all gains, profits and advantages derived by defendants from said unfair competition;

(c) Awarding costs, interest, attorneys' fees and such other relief deemed reasonable by the court;

(d) Enjoining defendants from advertising and marketing a taxi transportation service using the name "St. Pete Taxi Yellow Cab" and the color yellow; and

(e) Retaining jurisdiction for the purposes of pleading and proving punitive damages.

7

(e) Retaining jurisdiction for the purposes of pleading and proving punitive damages.

### COUNT IV
### STATE DILUTION

31. This is an action for damages pursuant to §495.151, Florida Statutes.

32. Plaintiff realleges and incorporates paragraphs 1-17 herein.

33. Plaintiff has been damaged as a result of defendants' actions.

WHEREFORE, plaintiff seeks the entry of a judgment enjoining defendants from the continued use of plaintiff's service mark, awarding attorneys' fees, costs, and such other relief deemed reasonable by the court.

### DEMAND FOR JURY TRIAL

Plaintiff, by and through the undersigned attorneys and pursuant to Rule 38, Fed.R.Civ.P., hereby demands trial by jury.

Date: 11/18/98

MASON & ASSOCIATES, a
Professional Association

Anne S. Mason
Florida Bar #472689
Joseph R. Englander
Florida Bar #935565
17757 U.S. 19 N. Suite 500
Clearwater, FL 33764
(727) 538-3800
Trial Counsel for Plaintiff

J:\CAS\S9811010.DOC/1465.14

Due to the physical nature of exhibit, it is not scanned; please see case file.