# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CAM-JO, INC., a Florida
corporation,

        Plaintiff(s),

vs.                                       Case No. 8:98-CV-2365-T-27C

ST. PETE TAXI, INC., et al.,

        Defendant(s).
_____/

## ORDER

**THIS CAUSE** came on to be considered on Plaintiff's Motion for Entry of Final Judgment and Permanent Injunction in Accordance with the Jury's Verdict (Dkt. 72) and Defendant's Motion for Judgment (Dkt. 73). The Court having reviewed said motions and being otherwise fully advised in the premises, finds as follows:

### A.   Rule 50(b) Motion for Judgment as a Matter of Law

The Defendants' motion for judgment as a matter of law[1] is governed by Rule 50(b), Federal Rules of Civil Procedure, which provides, in pertinent part, as follows:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment--and may alternatively request a new trial or join a motion for a new trial under Rule 59 . . . .

FED. R. CIV. P. 50(b). A district court, when considering the merits of a motion under Rule 50(b), must view all of the evidence adduced at trial and draw all reasonable inferences in

---

[1] Although the Defendants cite to Rule 58, Federal Rules of Civil Procedure, in their motion and memorandum, the Court notes that the Defendants are actually asking the Court to enter a judgment as a matter of law under Rule 50, Federal Rules of Civil Procedure.



the light most favorable to the nonmoving party. Montgomery v. Noga, 168 F.3d 1282, 1289 (11th Cir. 1999). The trial judge may not re-weigh the evidence, make credibility determinations or substitute its judgment for that of the jury. Moreover, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Products, Inc., ___ U.S. ___, ___, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105, ___ (U.S. June 12, 2000) (citations omitted). "[T]he trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.... If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986) (citations omitted).

A Rule 50 movant is entitled to judgment as a matter of law "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Bryan v. James E. Holmes Reg. Med. Ctr., 33 F.3d 1318, 1333 (11th Cir. 1994) (quoting Smith v. U.S., 894 F.2d 1549, 1552 (11th Cir. 1990)). In other words, if no reasonable jury could find that the nonmoving party has carried his burden of proof on an essential element of his claim with respect to which he bears the burden of proof, the movant is entitled to judgment as a matter of law. See Smith, 894 F.2d at 1554 ("because no reasonable jury could find that Smith carried his burden of proof on the issue of willfulness, the Government was entitled to a directed verdict on that issue").

In this case, relief under Rule 50(b) is not warranted. The Defendants argue that judgment as a matter of law should be granted in their favor because the Plaintiff produced insufficient evidence to establish that its trade dress enjoyed secondary meaning as required

2

to prevail on its trade dress infringement claim, that the defendants were guilty of unfair competition and deceptive and unfair trade practices, that defendant Terry Kurmay enjoyed profits sufficient to justify personal liability, and that the Plaintiff suffered monetary losses or the defendants enjoyed profits as necessary to support award of damages.

The Court concludes that substantial evidence supports the verdict reached by the jury on all counts. Substantial evidence also supports the jury determination as to the nature and amount of the monetary damages awarded by the jury in favor of the Plaintiff and against all three defendants. However, the Court concludes that because the alleged acts giving rise to the Plaintiff's claim for federal unfair competition and Florida unfair competition arise from a common nucleus of facts, and the standard of recovery under both statutes is identical, a separate award of damages under both statutes is not warranted. See Joint Pretrial Stipulation (Dkt. 40), ¶ 7 (noting Florida's common law of unfair competition allows the same measure of damages as 15 U.S.C. § 1117); see also Tally-Ho, Inc. v. Coast Community College Dist., 889 F.2d 1018, 1025-26 n.14 (11th Cir.1989) (noting the legal standard for federal trademark and unfair competition and common law trademark infringement are essentially the same). But see Gidatex v. Campaniello Imports, Ltd., 82 F. Supp. 2d 136 (S.D.N.Y. 2000) (permitting recovery of separate damages for federal trademark infringement and state unfair competition).[2]

---

[2] The Plaintiff's reliance on Martinez v. Shinn, 992 F.2d 997 (9th Cir. 1993), is misplaced. In contrast to the facts in Martinez, where the federal and state remedies were meant to address two separate harms, the federal and state remedies in this case are both intended to compensate the Plaintiff for the same harm.

B.  **Enhanced Damages**

Pursuant to 15 U.S.C. § 1117(a) and (b), enhanced damages are appropriate under certain limited circumstances. The Eleventh Circuit addressed the appropriateness of enhanced damages in Babbit Electronics, Inc. v. Dynascan Corp., 38 F.3d 1161 (11th Cir. 1994), stating:

> The Court may, in its discretion, reduce or enhance the resulting award up to three times the amount of profits or damages, whichever is greater, as justice shall require. 15 U.S.C. § 1117(a). Such an award is discretionary, but it may not be punitive, and must be based on a showing of actual harm. Donsco, Inc. v. Casper Corp., 587 F.2d 602 (3d Cir. 1978). If the infringement is intentional, however, and the use of a counterfeit trademark has been proven, then § 1117(b) governs, and the Court is required to treble damages and award attorney's fees unless the Court finds extenuating circumstances. Chanel, Inc., 931 F.2d at 1476. See also Louis Vuitton S.A. v. Lee, 875 F.2d 584, 588 (7th Cir. 1989).

Babbit Electronics, 38 F.3d at 1183. In the present case, the Court concludes that enhanced damages are not appropriate under either the mandatory standard of 15 U.S.C. § 1117(b) or the discretionary standard of 15 U.S.C. § 1117(a).

Subsection (b), requiring the assessment of treble damages, only applies to intentional infringement in conjunction with the use of a counterfeit trademark. See 15 U.S.C. § 1117. Contrary to the Plaintiff's assertion, the Defendants' response to the Plaintiff's request for admissions, and the facts admitted in the parties' Joint Pretrial Statement, do not evidence the intentional infringement necessary to invoke the mandatory provisions of 15 U.S.C. § 1117(b).[3] See Chanel, Inc. v. Italian Activewear of Florida, 931 F.2d 1472, 1476 (11th Cir.

---

[3]Additionally, the Court questions the applicability of § 1117(b) in the first instance. The acts forming the basis of the Defendants' liability do not appear to involve a "counterfeit mark" as required by 15 U.S.C. § 1116. A "counterfeit mark" is defined as "a mark that is registered on the principal register in the United States Patent and Trademark Officer" or "a spurious

4

1991).

Similarly, the Court will not exercise its discretion to enhance the jury's award under 15 U.S.C. 1117(a). In this regard, the Court finds both that the damages awarded by the jury adequately compensate the Plaintiff and that the Plaintiff has failed to produce evidence sufficient to justify a finding of willfulness on the part of the Defendant. See Playboy Enterprises, Inc. v. P.K. Sorren Export Co., 546 F. Supp. 987, 998 (S.D. Fla. 1982) (discretionary award may not be punitive and, while it may be based on showing of willfulness, must also be based on a showing of actual harm). Although a court may properly award increased damages where a defendant's conduct makes it difficult or impossible for a plaintiff to prove damages or profit, see Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg., Inc., 597 F.2d 71, 77 (5th Cir. 1977), in the present case the Plaintiff successfully presented expert testimony from which the jury determined an appropriate damage award.

Pursuant to 15 U.S.C. § 1117(a), a "court in exceptional cases may award attorney fees to the prevailing party."[4] The Court concludes that while this is not an "exceptional case" in which it may award attorney fees to the prevailing party, see Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc., 962 F.2d 268, 271 (2d Cir. 1992), the Plaintiff is entitled to recover its costs from the Defendants under 15 U.S.C. § 1117(a). Moreover, the

---

designation that is identical with, or substantially indistinguishable from, a designation as to which remedies of this chapter are made available by reason of section 380 of Title 36."
15 U.S.C. § 1116(d)(B).

[4] Although attorney fees are also available pursuant to 15 U.S.C. § 1117(b), such an award requires a finding of intent identical to that necessary for the imposition of mandatory enhanced damages – a finding previously rejected by the Court.

5

Plaintiff is entitled to an award of attorney fees, following exhaustion of all appeals, under its state law claim for unfair and deceptive trade practices. See FLA. STAT. § 501.2105(1).

### C.    Permanent Injunction

For the reasons set forth in the Permanent Injunction Order entered contemporaneously herewith, the Court concludes that the Plaintiff is entitled to the entry of injunctive relief. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 939 (4th Cir. 1995); Big Tomato v. Tasty Concepts, Inc., 972 F. Supp. 662, 664 (S.D. Fla. 1997); Klinger v. Weekly World News, Inc., 747 F. Supp. 1477, 1480 (S.D. Fla. 1990).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Plaintiff's Motion for Entry of Final Judgement and Permanent Injunction in Accordance with Jury's Verdict is **GRANTED** in part and **DENIED** in part as more fully set forth above.

2. The Defendant's Motion for Judgment is **GRANTED** in part and **DENIED** in part as more fully set forth above.

3. The Court will enter a permanent injunction in a separate Order signed contemporaneously herewith.

4. The Clerk is directed to enter final judgment in favor of the Plaintiff in accordance with the jury's verdict as follows:

    a.  $53,903.00, plus interest, against St. Pete Taxi, Inc. and Terry Kurmay, jointly and severally.

    b.  $45,610.00, plus interest, against Yellow Cab of Tampa Bay,

Inc., jointly and severally.

c. $11,402.00, plus interest, against Terry Kurmay, individually.

d. Costs against all defendants, jointly and severally.

5. The Court reserves jurisdiction to grant an award of attorney fees pursuant to section 501.2105, Florida Statutes, upon appropriate motion in accordance with Local Rule 4.18.

6. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 26th day of September, 2000.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Law Clerk
Courtroom Deputy